UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

HYTERA COMMUNICATIONS                    :
CORPORATION LTD., HYTERA US INC.,
AND POWERTRUNK, INC.,                    :        Case No. 1:19-cv-00176

                    Plaintiffs,           :        Hon. Mary M. Rowland

          v.                           :

MOTOROLA SOLUTIONS INC.,                 :

                    Defendant.            :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**JOINT STATUS REPORT FOR REASSIGNED CASE**

Pursuant to the Court's Minute Entry dated July 15, 2024 (Dkt. 174), the parties respectfully submit this Joint Status Report for Reassigned Case.

**1.        Plaintiffs' Statement**

The Court's Minute Entry requested that the Parties "indicat[e] whether there are any changes or updates that the Court should know about prior to ruling on the motion to dismiss." Minute Entry at 1.  Plaintiffs submit that there are no such updates.

More than six-and-a-half years ago, Hytera Communications Corporation Ltd. ("HCC"), along with three other Hytera entities, filed this action asserting that Motorola has been engaging in a continuous scheme to monopolize the land mobile radio market in the United States and directed its unlawful tactics at Plaintiffs in response to their market entry.  In a Memorandum Opinion and Order dated August 24, 2022 (Dkt. 128), District Judge Seeger sustained substantially all of Hytera's claims for relief, including monopolization and restraint of trade claims under Sherman Act Sections 1 and 2, exclusive dealing under Clayton Act Section 3 and monopolization under the New Jersey Antitrust Act.

The Hytera Plaintiffs[1] then filed the Second Amended Complaint ("SAC") (Dkt. 145), which replicates the allegations sustained by Judge Seeger as to continuing Motorola agreements and conduct in violation of federal and state antitrust laws.   The SAC also substitutes a new Hytera subsidiary as a plaintiff and drops two former subsidiaries due to those subsidiaries' bankruptcies,[2] which occurred while Motorola's motion to dismiss the First Amended Complaint

---

[1]  The reference to Hytera Plaintiffs includes HCC, Hytera US Inc. and PowerTrunk, Inc.

[2]  In particular, on May 16, 2020, Hytera Communications America (West), Inc. and Hytera America Inc., two U.S. subsidiaries of Hytera Communications Corporation Ltd. and plaintiffs in the original complaint,

was pending. As the Hytera Plaintiffs briefed to the Court (Dkt. 161), Motorola's renewed arguments for dismissal—directed to only a part of the SAC—have already been refuted by District Judge Seeger's prior ruling as well as the very bankruptcy court orders upon which Motorola relies.

Defendant Motorola's statement includes an extended overview of other proceedings involving the same parties, none of which relates to the pending motion to dismiss, which is the subject of the Court's order.  Indeed, District Judge Seeger expressly sustained the substance of Hytera's monopolization claims, in full view of those pending proceedings.  *See Hytera Commc'ns Corp. Ltd. v. Motorola Solutions, Inc.*, No. 19-cv-176, 2022 WL 3645908, at *1 (N.D. Ill. Aug. 24, 2022) (observing that the parties were "sparring and jousting for years" "across the globe" on patent infringement and trade secret matters).  If anything, Motorola's statement is nothing more than a request to consider new factual matters in unresolved proceedings that are extrinsic to Hytera's suit.  Motorola's statement therefore simply reinforces Hytera's position that this case should proceed directly to discovery and that Motorola's infirm legal arguments do not entitle it to partial dismissal of the Second Amended Complaint as a matter of law, which is the only matter before the Court.  *See Cushing v. City of Chicago*, 3 F.3d 1156, 1163 (7th Cir. 1993); *Mitchell v. Archibald Kendall, Inc.,* 573 F.2d 429, 432 (7th Cir. 1978).

## 2.      Defendant's Statement

Motorola seeks to update the Court on several developments since the close of briefing on Motorola's Motion to Partially Dismiss the Second Amended Complaint (the "Motion to Dismiss" or "MTD").[3]  As referenced in that pending motion, there are at least two related cases that may be dispositive on whether Hytera even had the legal right to sell (and continue to sell) the very same products at issue in this case—land mobile radio products ("LMR"). Those cases revolve around Hytera's theft of Motorola's trade secrets involving its LMR products. *See Motorola Sols. Inc. v. Hytera Commc'ns Corp. Ltd.*, No. 1:17-cv-01973 (N.D. Ill.) (the "Trade Secret Dkt."); *United States v. Hytera Commc'ns Corp., Ltd.*, No. 1:20-cr-00688 (N.D. Ill.) (the "Criminal Dkt.").  If Hytera had no right to sell its products in the United States, then it would lack standing to assert antitrust claims and damages based on the sales of those products.

There is no dispute that Hytera stole the technology. *See* Order at 78, *Motorola Sols., Inc. v. Hytera Commc'ns Corp. Ltd.*, No. 22-2370 (7th Cir. 2024), Dkt. 65 (the "Appeal Dkt.") ("The most startling fact about these appeals is that Hytera's liability is not at issue. It concedes that it engaged in the blatant theft of trade secrets and copying of proprietary computer code."); Trade Secret Dkt. 1491-1 at 3 (Judge Hamilton noting during appellate argument that this is "one of the most outrageous cases of trade secret theft I've ever seen.").) Not only did an Illinois jury (in front of Judge Norgle) find that Hytera willfully stole Motorola's trade secrets and infringed its

---

filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code in the U.S. Bankruptcy Court for the Central District of California.  *See In re HCA West., Inc. et al.*, Case No. 8:20-bk-11507-ES (Bankr. C.D. Cal.).

[3] Hytera repeats the tired refrain here and elsewhere that Judge Seeger has "sustained" the claims in this case, (*see* Dkt. 161 at 2, 4-5, 6-7), conveniently omitting that its various complaints allege conduct directed at parties that have released their claims and are no longer part of this case, and that predates the existence of Hytera's substitute plaintiff, Hytera US Inc. (*see* Dkt. 157 at 10-20; Dkt. 166 at 5-11).

copyrights, (Trade Secret Dkt. 1100), but one of Hytera's executives has already pled guilty to criminal trade secret theft and conspiracy to steal trade secrets (Criminal Dkt. 78), and several more Hytera executives and the corporation itself will face a criminal trial in 2025 (*see* Criminal Dkt. 211). Set forth below is an update on each related case.

**Status of Permanent Injunction in Trade Secret Litigation.** As referenced in Motorola's pending Motion to Dismiss, a jury awarded Motorola $543.7 million in damages after finding that Hytera willfully stole Motorola's trade secrets and infringed its copyrights. (*See* MTD at 1; Trade Secret Dkt. 1100 at 39.) One key issue in the aftermath of that trial is whether Judge Norgle should have entered a permanent injunction barring Hytera from selling certain Digital Mobile Radio LMR products that rely on stolen Motorola technology—including many of the same products at issue here in this antitrust case—in the United States. (MTD at 4 & n.3; *see also* Trade Secret Dkt. 961 at 2 (seeking an injunction to prevent Hytera from "making, offering to sell, selling, or otherwise distributing" certain identified products along with "any other product developed or sold, based in whole or in part" on the identified products or any of Motorola's trade secrets).) After Judge Norgle denied Motorola's initial request for a permanent injunction in favor of imposing a royalty rate to be paid on sales of infringing products, Motorola sought reconsideration of the permanent injunction when Hytera showed it was either unwilling or unable to pay the royalty. (Appeal Dkt. 65 at 71-72.)

But before Judge Norgle ruled on the merits of Motorola's motion for reconsideration, Hytera filed its appeal on certain damages issues and Motorola filed its cross-appeal on the denial of the permanent injunction. (*See id.* at 2-3.) Judge Norgle then denied the motion for reconsideration, reasoning that the appeal deprived him of jurisdiction. (*Id.* at 72.)

On July 2, 2024, the Seventh Circuit upheld the jury's verdict and the $407.4 million in damages under the Defend Trade Secrets Act of 2016, but ordered the district court—now Judge Pacold—to recalculate and reduce the $136.3 million in copyright damages. (*Id.* at 2-3.) It also instructed Judge Pacold to take a "fresh look" at Motorola's permanent injunction motion and "determine whether the new evidence of Hytera's non-payment and other post-judgment conduct and events calls for a different result." (*Id.* at 75, 77.) Motorola is explicitly permitted "to supplement its motion or to file a new Rule 60(b) motion" in part because "Hytera has acted in ways that might well have surpassed the judge's worst-case predictions" from when the motion for a permanent injunction was initially denied, (*id.* at 77), and the parties are currently discussing the timing of a renewed motion. If Judge Pacold finds that the permanent injunction is warranted, Hytera would not have the right to sell LMR products and cannot suffer antitrust injury with respect to the sale of those products, which is a key issue in this litigation. (*See* Dkt. 163 at 12-13 ("Motion to Stay" or "MTS").)

**Temporary Injunction Preventing Any Sales Anywhere in the World.** Separately, Hytera has been found to be in contempt multiple times, and in some cases, has been temporarily enjoined from selling its products both inside and outside the United States.

First, on August 26, 2023, Judge Pacold granted Motorola's motion to hold Hytera in contempt for failing to pay a $49 million royalty payment ordered by the court. In doing so, Judge Pacold ruled that "the appropriate course is to enjoin Hytera from selling any products containing two-way radio technology anywhere in the world until its obligations under the

royalty order are satisfied." (Trade Secret Dkt. 1461 at 19.) Hytera ultimately addressed the royalty payment and no injunction was entered.

Second, on April 2, 2024, Judge Pacold issued a separate sanction enjoining Hytera and all of its subsidiaries, agents, and resellers (and others) from "offering to sell, selling, importing, exporting, or otherwise distributing anywhere in the world any Two-Way Radio Products," which includes the DMR and TETRA products at issue in the instant litigation. (Trade Secret Dkt. 1520 at 1-2.) This ruling was issued after Motorola learned that Hytera filed an action in the Shenzhen Intermediate People's Court in June 2022 (during the trade secret post-trial proceedings) seeking an order from the Chinese court stating that certain LMR products that had not yet been released at the time of trial did not infringe any of Motorola's trade secrets or copyrights because they were not among the products specifically adjudicated at trial. (*See* Trade Secret Dkt. 1503 at 2.) Hytera did not notify either Motorola or the trade secret court of this action, and Motorola did not receive any notice of it until November 2023 (over a year after it was filed) when served by the Chinese court. (*Id.* at 2, 7.) In response to Motorola initiating the contempt proceedings, Hytera filed an emergency "anti-anti-suit injunction" in the Chinese court that sought to restrain Motorola from pursuing the sanctions against Hytera in this District. (*See* Trade Secret Dkt. 1491 at 1-2.)

On March 12, 2024, Judge Pacold entered a temporary restraining order preventing Hytera from pursuing the "anti-anti-suit injunction." (*See* Trade Secret Dkts. 1491, 1494.) On March 25, 2024, she issued Motorola's requested anti-suit injunction, finding that Hytera's Chinese action "is expressly a precise mirror image of this case" such that allowing the parallel proceedings would be "gratuitously duplicative" or "vexatious and oppressive." (Trade Secret Dkt. 1503 at 17-20; *see also* Trade Secret Dkt. 1504.) Shortly thereafter, on April 2, 2024, Judge Pacold determined that Hytera had failed to comply with the anti-suit injunction orders and entered an injunction barring Hytera and all of its subsidiaries, agents, and resellers (and others) from "offering to sell, selling, importing, exporting, or otherwise distributing anywhere in the world any Two-Way Radio Products," which includes the DMR and TETRA products at issue in the instant litigation. (Trade Secret Dkt. 1520 at 1-2.) She also ordered Hytera to pay a daily fine of $1 million for each day not in full compliance with the anti-suit injunction orders. (*Id.* at 3.)

On April 6, 2024, the Seventh Circuit denied Hytera's emergency motion to stay the contempt sanctions, finding that "Hytera was taking unfair advantage of" Judge Pacold's patience and caution and "was trying to do as little as it thought it could get away with, as late as possible." (Trade Secret Dkt. 1538-1 at 7.) As a result, the Seventh Circuit permitted the sanctions to continue, further stating that "[t]o the extent that Hytera is now facing painfully coercive sanctions, it is lying in a bed it has crafted for itself over the past seven years, and in particular, over the last two weeks." (*Id.*) Although the Seventh Circuit stayed the injunction on April 16, 2024, it made clear that it did not "intend[] to limit the district court's ability to take appropriate action to enforce its injunctions" if Hytera resumed conduct that violated Judge Pacold's anti-suit injunction orders. (Trade Secret Dkt. 1587 at 7-8; *see also id.* at 4 (stating that "we understand the district court's skepticism" regarding Hytera's representations given that Hytera "has amassed a record of theft of intellectual property, spoliation of evidence, and other litigation misconduct").)

Finally, while the Seventh Circuit considers Judge Pacold's anti-suit injunction ruling, further contempt proceedings continue in the district court relating to Hytera's failure to pay

royalties on its H-Series products. (*See* Trade Secret Dkts. 1503, 1568.) Briefing is scheduled to be completed by mid-August and a contempt hearing, if desired by the court, is scheduled on August 26, 2024. (Trade Secret Dkt. 1568; 1676.) As in the above-referenced cases, any injunction issued against Hytera would impact the instant litigation because if Hytera cannot sell the products at issue, it cannot suffer any antitrust injury.[4]

**Criminal Trial Set.** As set forth in Motorola's Motion to Dismiss and Motion to Stay, the United States filed a criminal indictment against Hytera and several of its executives in May 2021, charging those defendants with stealing Motorola's proprietary information related to DMR products. (MTD at 3-5, 19 n.17; MTS at 2, 5, 10-12.) One defendant in the criminal case already pled guilty in December 2022. (*See* Criminal Dkt. 78.) Motorola explained in its Motion to Dismiss and its Motion to Stay that the upcoming criminal trial will clarify whether Hytera has antitrust standing to pursue its antitrust claims because it had no legal right to sell its DMR products in the United States. The pending criminal indictments against Hytera and its employees will impede Motorola's discovery efforts. (*See* MTD at 4-5, 19 n.17; MTS at 2, 5, 10-12.) The criminal trial was set to begin October 1, 2024, (*see* Criminal Dkt. 174), but Hytera recently asked Judge Tharp to delay the trial by four months because some of Hytera's lawyers are too busy with Hytera's contempt proceedings in the trade secret litigation, (*see* Criminal Dkt. 201). Judge Tharp reset the trial for February 4, 2025. (Criminal Dkt. 211).

Dated:  July 29, 2024                                    Respectfully submitted,

By:  */s/ Todd S. Fishman*                              By:  */s/ James F. Herbison*
Noah Brumfield (*admitted pro hac vice*)                James F. Herbison
ALLEN OVERY SHEARMAN STERLING US LLP                    Michael P. Mayer
1101 New York Avenue NW                                 WINSTON & STRAWN LLP
Washington, DC 20005                                    35 West Wacker Drive
Telephone: (202) 683-3800                               Chicago, Illinois 60601
noah.brumfield@aoshearman.com                           (312) 558-5600
                                                        JHerbiso@winston.com
Todd S. Fishman (*admitted pro hac vice*)               MMayer@winston.com
ALLEN OVERY SHEARMAN STERLING US LLP
1221 Avenue of the Americas                             *Counsel for Defendant Motorola Solutions,*
New York, New York 10020                                *Inc.*
(212) 610-6300
todd.fishman@aoshearman.com

---

[4] Recently on July 1, 2024, in a separate patent case, *Motorola Solutions, Inc. v. Hytera Communications Corporation, Ltd*., No. 17-1972 (N.D. Ill.), Dkt. 388, Judge Appenteng issued sanctions against Hytera relating to certain issues involving Hytera's production of its H-Series code.

Suyash Agrawal
MASSEY & GAIL LLP
50 East Washington Street, Suite 400
Chicago, Illinois 60602
Telephone: (312) 283-1590
Facsimile: (312) 379-0467
sagrawal@masseygail.com

*Counsel for Plaintiffs Hytera Communications
Corporation Ltd., Hytera US Inc., and
PowerTrunk, Inc.*